UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| In re: AMR MOHSEN ) <br> ) <br> Debtor, ) <br> ) <br> ) <br> ) <br> _____ ) <br> AMR MOHSEN ) <br> ) <br> Appellant, ) <br> ) <br> v. ) <br> ) <br> CAROL WU, Chapter 7 Trustee, ) <br> ) <br> Appellee. ) <br> _____ ) | Case No.: 12-CV-03610-LHK <br><br> ORDER DENYING MOTION TO DISMISS FOR LACK OF PROSECUTION |

Appellee Carol Wu, Chapter 7 Trustee ("Appellee") requests that this appeal be dismissed for lack of prosecution because Amr Mohsen ("Mohsen"), incarcerated and acting pro se, failed to comply with Rule 8006 of the Federal Rules of Bankruptcy Procedure ("Bankruptcy Rule 8006"). *See* Ex Parte Mot. to Dismiss the Appeal for Lack of Prosecution, ECF No. 3, at 2 ("Mot."). For the reasons stated herein, the Court DENIES the Ex Parte Motion to Dismiss the Appeal for Lack of Prosecution.

On June 22, 2012, the United States Bankruptcy Court entered an order approving the Trustee's final account and payment of professional fees in Mohsen's bankruptcy case. *See* Order

Re: Tr.'s Final Acct. and Final Fee Appl. of Tr.'s Acct. and Att'ys, ECF No. 1, at 17. The following day, pursuant to 28 U.S.C. § 158(a) and (c)(1), Mohsen signed and mailed a Statement to Assign Notice of Appeal to the United States District Court and a Notice of Appeal to the United States District Court. ECF No. 1, at 3, 5. These documents were filed on July 10, 2012. *Id.*

On August 9, 2012, Appellee filed an Ex Parte Motion to Dismiss the Appeal for Lack of Prosecution requesting that this appeal be dismissed because of Mohsen's failure to comply with Bankruptcy Rule 8006. Mot. at 2. Bankruptcy Rule 8006 requires that, "[w]ithin 14 days after filing the notice of appeal as provided by Rule 8001(a) . . . the appellant shall file with the clerk and serve on the appellee a designation of the items to be included in the record on appeal and a statement of the issues to be presented." Fed. R. Bankruptcy P. 8006. In addition, "[a]ny party filing a designation of the items to be included in the record shall provide to the clerk a copy of the items designated or, if the party fails to provide the copy, the clerk shall prepare the copy at the party's expense." *Id.* Moreover, "*[i]f* the record designated by any party includes a transcript of any proceeding . . . the party shall, immediately after filing the designation, deliver to the reporter and file with the clerk a written request for the transcript and make satisfactory arrangements for payment of its cost." *Id.* (emphasis added).

Appellee contends that, as of August 9, 2012, Mohsen was out of compliance with Bankruptcy Rule 8006 because Mohsen had not: (1) "file[d] or serve[d] a designation of the record or issues on appeal;" (2) "provided the clerk with a copy of any designated items;" or (3) "taken . . . steps to order any transcripts." Mot. at 2. Appellee argues that, despite the fact that Mohsen is incarcerated in a federal penitentiary, he has "pursued numerous appeals in his bankruptcy case" and "is aware of his obligations under Bankruptcy Rule 8006." Mot. at 2.

Mohsen filed a response to the Motion on August 24, 2012. ECF No. 5 ("Response"). Mohsen argues that he "filed the designation of records for Appeal and statement of issues diligently just four days after receiving the Information Sheet granting his request for leave to assign the notice of appeal to the U.S. District, in compliance with his understanding of [Bankruptcy Rule] 8006." Response at 4. Mohsen further contends that, even if his understanding

of Bankruptcy Rule 8006 was mistaken, "he acted in good faith with no intent to cause delay." *Id*. at 5.

District courts may impose sanctions, including dismissal, when an appellant "fail[s] to take steps required to prosecute an appeal, other than the timely filing of a notice of appeal." Bankruptcy Rule 8001(a). As noted by the Ninth Circuit, however, when a "court is considering the imposition of sanctions for non-jurisdictional, procedural defaults and deficiencies in the management of litigation, the selection of the sanction to be imposed must take into consideration the impact of the sanction and the alternatives available to achieve assessment of the penalties in conformity with fault." *In re Hill*, 775 F.2d 1385, 1387 (9th Cir. 1985) (per curiam); *see also In re Fitzsimmons*, 920 F.2d 1468, 1474 (9th Cir. 1990) ("[U]nless there are egregious circumstances, the district court must, as the general rule requires, explicitly consider relative fault and alternative sanctions."); *see generally Greco v. Stubenberg*, 859 F.2d 1401, 1404 (9th Cir. 1988) (discussing alternatives to dismissal as including "intermediate steps," such as imposing deadlines for the prosecution of appellant's appeal and "warn[ing] appellant that if he did not comply with the court's schedule, his appeal would be subject to dismissal.").

The Court does not find that Mohsen's delayed filings in this case warrant the extreme measure of granting the Ex Parte Motion to Dismiss the Appeal for Lack of Prosecution. *See In re CPDC Inc.*, 221 F.3d 693, 699 (5th Cir. 2000) ("Dismissal is a harsh and drastic sanction that is not appropriate in all cases, even though it lies within the district court's discretion.").

First, there is no evidence that Mohsen acted in bad faith when failing to comply with Bankruptcy Rule 8006. *Cf. In re Fitzsimmons*, 920 F.2d at 1474 (holding that "the existence of bad faith constitutes egregious circumstances which can warrant dismissal even without the explicit consideration of alternative sanctions and relative fault."). Mohsen filed the Designation of Records for Appeal and Statement of Issues on August 3, 2012, just four days after he received the information sheet granting his request for leave to assign the notice of appeal to the United States District Court. Declaration of Amr Mohsen of Aug. 17, 2012, ECF No. 5, at 6 ¶ 2 ("Mohsen Decl."). Mohsen declares that, "[a]s a pro se appellant in good faith and with no intention to cause delay or prejudice to any party, I understood that my filing on August 3, 2012, was in compliance

3

with Federal Rules of Bankruptcy Procedure 8006." *Id*. While Mohsen was mistaken in believing that his filing was in compliance with Bankruptcy Rule 8006, there is no evidence that he intended to delay his filing or engaged in obstinately dilatory conduct.

Second, Appellee has offered no evidence of prejudice or adverse impact on the proceedings. Notably, the procedural deficiencies identified by Appellee were cured on August 15, 2012, six days after Appellee filed the ex parte motion to dismiss. *See* Bankruptcy Record on Appeal, ECF No. 4 (including the Appellant's Designation of Record and Statement of Issues). In addition, contrary to Appellee's assertions, Mohsen asserts that he did not need to order a transcript. *See* Mohsen Dec. ¶ 5 ("The designation of record filed on August 3, 2012 does not require any transcription of hearings to be made.").

Given that there is no evidence that Mohsen acted in bad faith, the deficiencies identified by Appellee have been cured, and there is no other indication that Appellee has been prejudiced or affected detrimentally by Mohsen's delayed filings, the Court DENIES the Ex Parte Motion to Dismiss for Lack of Prosecution. *See Sierra Switchboard Co. v. Westinghouse Elec. Corp.*, 789 F.2d 705, 707 (9th Cir. 1986) (finding district court was within its discretion to permit appellant's appeal to go forward despite failing to designate timely a record and issues on appeal, and citing to *In re Bienert*, 48 B.R. 326, 327 (N.D. Iowa 1985), for the proposition that "where debtors and their attorney showed no bad faith with reference to their untimely designation of record and issues on appeal, action should not be dismissed."); *see also In re CPDC Inc.*, 221 F.3d at 701 ("In the absence of evidence of prejudice or obstinately dilatory conduct, and given that the purpose of Rule 8006 has been satisfied, we conclude that dismissal was not justified in this case.").

However, the Court warns Mohsen that he must timely comply with all future deadlines.

**IT IS SO ORDERED.**

Dated: March 5, 2013

_____
LUCY H. KOH
United States District Judge