UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| In re: AMR MOHSEN<br><br>　　　　　　Debtor,<br><br>_____<br>AMR MOHSEN<br><br>　　　　　　Appellant,<br><br>　v.<br><br>CAROL WU, Chapter 7 Trustee,<br><br>　　　　　　Appellee. | Case No.: 12-CV-03610-LHK<br><br>ORDER REGARDING BRIEFING SCHEDULE |

On June 22, 2012, the United States Bankruptcy Court entered an order approving the Trustee's final account and payment of professional fees in the bankruptcy case of Amr Mohsen ("Appellant" or "Mohsen"). *See* Order Re: Tr.'s Final Acct. and Final Fee Appl. of Tr.'s Acct. and Att'ys, ECF No. 1, at 17. The following day, pursuant to 28 U.S.C. § 158(a) and (c)(1), Mohsen signed and mailed a Statement to Assign Notice of Appeal to the United States District Court and a Notice of Appeal to the United States District Court. ECF No. 1, at 3, 5. These documents were filed on July 10, 2012. *Id.* On July 11, 2012, the Deputy Clerk filed a Notice of Briefing. ECF No. 2.

1

Case No.: 12-CV-03610-LHK
ORDER REGARDING BRIEFING SCHEDULE

On August 9, 2012, Appellee filed an Ex Parte Motion to Dismiss the Appeal for Lack of Prosecution, requesting that this appeal be dismissed because of Mohsen's failure to comply with Bankruptcy Rule 8006. *See* Ex Parte Mot. to Dismiss the Appeal for Lack of Prosecution, ECF No. 3, at 2 ("Mot."). Appellee asserted that, as of August 9, 2012, Mohsen was out of compliance with Bankruptcy Rule 8006 because Mohsen had not: (1) "file[d] or serve[d] a designation of the record or issues on appeal;" (2) "provided the clerk with a copy of any designated items;" or (3) "taken . . . steps to order any transcripts." Mot. at 2. Mohsen filed a response to the Motion on August 24, 2012. ECF No. 5 ("Response"). On March 5, 2013, the Court denied Appellee's Ex Parte Motion to Dismiss the Appeal for Lack of Prosecution. ECF No. 8.

In spite of denial, Mohsen still has not filed anything in the past month. Accordingly, the Court now sets the following briefing schedule. By May 8, 2013, Mohsen shall serve and file a brief not exceeding 25 pages in length.

Appellee must serve and file a brief not exceeding 25 pages in length 20 days after service of Mohsen's brief. If Appellee files a cross-appeal, the brief of Appellee must contain the issues and argument pertinent to the cross-appeal, denominated as such.

Mohsen must serve and file a reply brief not exceeding 15 pages in length 10 days after service of Appellee's brief. If Appellee has filed a cross-appeal, Mohsen must include his opposition in the reply brief.

Appellee may serve and file a reply to the opposition to any cross appeal not exceeding 15 pages in length 10 days after service of appellant's brief.

Pursuant to B.L.R. 8010-1, upon completion of the briefing, the undersigned judge will set a date for oral argument, if needed. Otherwise, the matter will be deemed submitted for decision.

If Mohsen fails to file a brief on May 8, 2013, the Court will issue an Order to Show Cause why this case should not be dismissed with prejudice for failure to prosecute.

**IT IS SO ORDERED.**

Dated: April 8, 2013

_____
LUCY H. KOH
United States District Judge